

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| GARY W. BOWLES, | ) | CASE NO. 4:04CV00040 |
| Plaintiff | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's claim for a period of disability, disability insurance income and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter REVERSING the Commissioner's final decision but REMANDING the case for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff met the special earnings requirements

1

of the Act through the date of his decision. (R. 26.) He also determined that the medical evidence established plaintiff suffered degenerative disc disease, which was a severe impairment, but which did not meet or equal the requirements of any listed impairment (*Id.*) While he found that plaintiff's allegations regarding his limitations were not totally credible, the Law Judge determined that plaintiff was unable to perform his past relevant. (R. 27.) However, the was of the view that plaintiff possessed the residual functional capacity "to perform sedentary work that would not require him to lift more than 10 pounds, sit for longer than six hours or stand and walk for longer than two hours in an eight hour day."(R. 26.) He further noted that Medical-Vocational Guidelines ("grids") could "be used to direct an unfavorable decision only if the claimant has the exertional residual functional capacity to perform substantially all (as defined in Social Security Ruling 83-11) of the seven primary strength demands required by work at the given level of exertion (as defined in Social Security Ruling 83-10)" and found there were no nonexertional limitation presented. (R. 25-26.) Accordingly, the Law Judge applied the grids, found that jobs were available to plaintiff in the national economy and denied the claim. (R. 27.)[1]

Finding no basis in the evidence before the Law Judge, the Appeals Council denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 9.) This action ensued.

In the instant case the Law Judge found that plaintiff had carried his initial burden in the sequential evaluation process by demonstrating that his severe impairment prevented him from performing his past relevant work (R. 27.) Thus, the burden shifted to the Commissioner to

---

[1] Although Sandra M. Wells-Brown, a vocational expert (VE), was present at the hearing, she did not testify. (R. 204-226.)

demonstrate both the plaintiff's residual functional capacity and that gainful work was available to him in significant numbers in the national economy, considering the combined effects of the plaintiff's maladies within the context of her age, education, skill level, and work experience. 20 C.F.R. §§ 404.1520(f)(1), 404.1545-1568 , 416.920(f)(1) and 416.945-968. If the Commissioner does not discharge her sequential burden, then the claimant is entitled to benefits on the *prima facie* case of disability. *Wilson v. Heckler*, 743 F.2d 218 (4th Cir. 1984). Where plaintiff's ability to perform work-related activities is limited by nonexertional limitations, the Commissioner can discharge her burden only by the presentation of vocational evidence. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987).

The Commissioner is charged with making the initial evaluation of the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The court should not substitute its judgment for that of the Commissioner in the matters, but must determine whether there is substantial evidence to support her conclusions. On the other hand, it is axiomatic that courts may remand a case to the Commissioner for the further development of the evidence where "good cause" has been shown. 42 U.S.C. § 405(g). What constitutes "good cause" draws beyond the boundaries of the substantive merits of the claim as presented in the record and is not constrained by whether the Commissioner's decision might have been supported by substantial evidence at the time of judicial review. *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981). Failure to provide "a full and fair hearing... and the failure to have such a hearing may constitute good cause sufficient to remand to the [Commissioner] under

Case 4:04-cv-00040-JLK-BWC Document 10 Filed 04/29/05 Page 3 of 5 Pageid#: 34

42 U.S.C. § 405(g) for the taking of additional evidence." *Sims v. Harris*, 631 F.2d 26, 27 (4th Cir. 1980).

The primary issue here is whether the Commissioner carried her burden at the final level of the sequential evaluation. No vocational evidence was adduced, and, concluding that no nonexertional limitations were present, the Law Judge applied the grids to compel a determination that plaintiff was not disables. The evidence, however, reveals that plaintiff has suffered nonexertional limitations on his work-related abilities. For example, he was treated by Guilford Pain Management, P.A., for the pain plaintiff experienced. Their records demonstrate that plaintiff suffers limitations on his ability to function either produced when he sits for more than 15 minutes or by the medications he takes to counteract the pain. (See, e.g. R. 151-187.) As a sensory impairment, pain is a non-exertional limitation unless the evidence shows it occurs only upon exertion. The record amply supports the Law Judge's finding that plaintiff suffers degenerative disc disease which is an impairment that likely causes pain regardless of exertion.

Moreover, the synergist or combined effects of plaintiff's pain and medications certainly are sufficient to require vocational testimony. *Reichenback v. Heckler*, 808 F.2d 309 (4th Cir. 1985); *DeLoatche v. Heckler*, 715 F.2d 148 (4th Cir. 1983). This is so particularly since the Law Judge failed to address whether plaintiff's reasons for being prescribed antidepressants, regardless of their being a severe mental impairment, constituted a non-exertional limitations, appearing to assume that they did not. If that were not enough, there is also evidence on the record, as noted by the Law Judge, that plaintiff's "medications tend to make him drowsy" (R. 22, 213.) Notwithstanding, the Law Judge made no further inquiry to determine the extent to which the side-effects of plaintiff's medication where non-exertional in nature and how they

4

impacted plaintiff's work-related capacity.

While the undersigned expresses no view on whether jobs are available to a person with plaintiff's maladies and their limitations, it does appear that the Law Judge and Commissioner erred in failing to fully and fairly address the nonexertional elements of the plaintiff's claim, including the necessity for vocational evidence. Accordingly, it is RECOMMENDED that an Order enter REVERSING the Commissioner's final decision, but REMANDING the case for further proceedings at the final sequential level. The order of remand should direct that in the event the Commissioner is unable to grant benefits on the current record, she is to forthwith recommit the case to a Law Judge to conduct supplemental evidentiary proceedings in which vocational evidence is to be taken and in which both sides may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

April 29, 2005
Date

5

Case 4:04-cv-00040-JLK-BWC   Document 10   Filed 04/29/05   Page 5 of 5   Pageid#: 36